## Salyer v. Hawkins.

(Decided March 12, 1912.)

### Appeal from Pike Circuit Court.

1. Justice's Courts—Jurisdiction.—When in a justice's court a counter-claim is filed within the jurisdiction of the circuit court, and not within the jurisdiction of the justice's court, it is proper that the action be transferred to the circuit court.

2. Finding of Chancellor.—The finding of the chancellor on a question of fact confirming a commissioner's report, will not be disturbed on doubtful evidence.

J. S. CLINE for appellant.

CHILDERS & CHILDERS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

J. E. Hawkins brought this suit against L. H. Salyer in the court of a justice of the peace for Pike County. He alleged that the defendant agreed to pay him $2.50 a thousand feet for hauling certain timber to the Russel's Fork of the Big Sandy river; that he hauled the timber and the hauling at the contract price amounted to $152.80, which was to be credited by $81.40, which he owed the defendant on a store account, leaving a balance due him of $71.55. The defendant by his answer denied that the plaintiff hauled the timber to the proper point, and pleaded that by his failure to haul the timber as required by the contract, he had been damaged in the sum of $200. He also alleged the plaintiff owed $130 on the store account. Upon the filing of the answer in the jus-

tice's court an order was made transferring the case to the circuit court as the amount sued for on the counterclaim was beyond the jurisdiction of the justice. In the circuit court the defendant amended his answer and pleaded that he had been damaged $300. He also set up other items which he alleged the plaintiff owed him. The circuit court referred the case to a commissioner who reported that Salyer owed Hawkins $29.96. Exceptions were filed to the report and on final hearing the circuit court overruled the exceptions, confirmed the report and entered judgment against Salyer in favor of Hawkins for $29.96. Salyer appeals.

Appellant complains that the case was not transferred to the Pike Quarterly Court. This objection is first made here. There was no objection in the justice's court to the transfer of the case to the circuit court. When the case reached the circuit court there was no objection to the jurisdiction of that court. Section 720 of the Civil Code, among other things, provides:

"That when the amount of the counterclaim or set-off exceeds the jurisdiction of the court trying the cause, the court shall, on motion of either party to the action, or by their attorneys, transfer the cause to the court having jurisdiction."

Under this section it was proper for the justice to transfer the case to the circuit court as the amount sued for on the counterclaim was $330, and this amount was within the jurisdiction of the circuit court.

On the merits of the case simply a question of fact is presented. In cases of this sort we give considerable weight to the finding of the chancellor and we can not say here that his judgment is against the weight of the evidence. While the evidence is conflicting, there is testimony warranting the conclusion that the logs were delivered at the places designated by the parties, and that after they were delivered they were received by Salyer. While he gives one version of the contract, Hawkins gives another, and Hawkins is supported by Eli Mullins, from whom the timber was bought, and by circumstances that are not without weight.

Judgment affirmed.